UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -  X
                                               :

UNITED STATES OF AMERICA            :

              - v. -          :     **SEALED SUPERSEDING**

                                               :     **INDICTMENT**

YULAN ANDONY ARCHAGA CARÍAS,     :
    a/k/a "Alexander Mendoza,"    :
    a/k/a "Porky,"                   :     S3 21 Cr. 321 (GHW)
DAVID CAMPBELL,                   :
    a/k/a "Viejo Dan,"           :
    a/k/a "Don David,"          :
JUAN CARLOS PORTILLO SANTOS,      :
    a/k/a "Juancy,"              :
VICTOR EDUARDO MORALES ZELAYA,     :
    a/k/a "Cuervo," and         :
JORGE ALBERTO VELASQUEZ PAZ,      :
    a/k/a "Chacarron"           :

           Defendants.          :

- - - - - - - - - - - - - - - - - -  X

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

1.    At all times relevant to this Superseding Indictment, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, were members and associates of Mara Salvatrucha ("MS-13" or the "Enterprise"), a transnational criminal organization

whose members and associates engaged in, among other activities, acts and threats involving murder, extortion, narcotics trafficking, and money laundering. At all times relevant to this Superseding Indictment, the Enterprise operated throughout North and Central America, including in El Salvador, Honduras, Guatemala, Mexico, Nicaragua, New York, Texas, and California.

2. MS-13, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Superseding Indictment, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce. YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, participated in the operation and management of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

2

3.    Members and associates of the Enterprise distributed cocaine in furtherance of the Enterprise, including multi-ton loads of cocaine transported through Honduras and imported into the United States.

4.    Certain members and associates of the Enterprise committed and agreed, attempted, and threatened to commit acts of violence in furtherance of the Enterprise.  These acts of violence included acts involving murder, assault, kidnapping, and extortion, intended to protect the Enterprise's drug territory, enforce discipline amongst members of the Enterprise, to retaliate against members of rival gangs, and to otherwise promote the standing and reputation of the Enterprise.

5.    YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," the defendant, was the highest-ranking member and leader of MS-13 in Honduras.  As the leader of MS-13 in Honduras, ARCHAGA CARÍAS was in charge of, among other things, the gang's drug trafficking operations, ordering and coordinating acts of violence, including numerous murders, and the laundering of drug proceeds.  MS-13's drug trafficking operations led by ARCHAGA CARÍAS included the processing, receiving, transporting, and distributing of multi-ton loads of cocaine shipped through Honduras and into the United States.

6.    YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," the defendant, and other members of MS-

13, at his direction, also provided protection for other drug trafficking organizations ("DTOs") engaged in transporting multi-ton loads of cocaine through Honduras and destined for the United States. ARCHAGA CARÍAS contracted out members of MS-13 as "Sicarios," or hit men, to other DTOs for payment. In that role, members of MS-13 committed numerous murders for hire for DTOs trafficking cocaine through Honduras to the United States. ARCHAGA CARÍAS and MS-13 also supplied other DTOs with firearms, including machineguns, that were received from El Salvador, Nicaragua, and elsewhere.

7.    As the leader of MS-13 in Honduras, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," the defendant, ordered multiple murders of rival gang members and drug trafficking competitors in Honduras, as well as other members of MS-13 whom ARCHAGA CARÍAS believed had been disloyal to the gang. ARCHAGA CARÍAS and MS-13 used firearms, including machineguns, to commit these murders.

8.    DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," the defendant, was one of the principal suppliers of cocaine and weapons, including machineguns, to MS-13. As an associate of MS-13 and close confidant of YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," the defendant, CAMPBELL planned and coordinated retaliatory acts of violence with ARCHAGA CARÍAS, and assisted MS-13 and ARCHAGA CARÍAS in

4

establishing businesses to launder the gang's drug proceeds. CAMPBELL and MS-13 used businesses they owned or controlled to launder drug proceeds, including through banks in the United States.

9.    VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," the defendant, was a national leader of MS-13 in Honduras and was a close associate of ARCHAGA CARÍAS.  ZELAYA coordinated the gang's drug trafficking business, acts of violence (including murders) against rivals, and the movement of proceeds from the gang's illicit activities.

10.    JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendant, was a national leader of MS-13 in Honduras and was a close associate of ARCHAGA CARÍAS.  PAZ coordinated the gang's drug trafficking business, acts of violence (including murders) against rivals, and the movement of proceeds from the gang's illicit activities.

11.    JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," the defendant, was a high-ranking member of MS-13 in Honduras who reported to ZELAYA.  SANTOS was responsible for leading MS-13 in one of the largest sectors in Honduras, which included the distribution and movement of large shipments of cocaine, acts of violence (including murders and kidnappings) of rival gang members, and contract murders carried out against rival drug dealers.

## PURPOSES OF THE ENTERPRISE

12. The purposes of the Enterprise included the following:

a. Preserving and protecting the power, territory, reputation, and profits of the Enterprise and its members and associates through acts and threats involving murder and extortion.

b. Keeping victims, potential victims, and community members in fear of the Enterprise through acts and threats of violence.

c. Providing financial support and information to members and associates of the Enterprise, including those who are incarcerated in the United States, El Salvador, Honduras, Mexico, and Guatemala.

d. Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

e. Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, extortion, and money laundering.

f. Promoting and enhancing the Enterprise and the activities of its members and associates.

g. Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against

potential witnesses to crimes committed by members of the Enterprise.

MEANS AND METHODS OF THE ENTERPRISE

13.   Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.   Members and associates of the Enterprise committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder and extortion, to protect and expand the Enterprise's criminal operations, and to retaliate against rival gangs.

b.   Members and associates of the Enterprise distributed narcotics, including cocaine, and the Enterprise's cocaine distribution activities included the trafficking of multi-ton loads of cocaine transported through Honduras and imported into the United States.

c.   Members and associates of the Enterprise obtained, possessed, and used firearms.

d.   Members and associates of the Enterprise committed acts of intimidation and made threats as a means of deterring and punishing potential witnesses to their crimes and in connection with protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

e.   Members and associates of the Enterprise committed, and conspired to commit, money laundering by fraudulently operating front companies whose real purpose was to hide proceeds from MS-13's lucrative narcotics trafficking and extortion businesses, and moving the proceeds through various banks in Honduras and the United States.

### THE RACKETEERING CONSPIRACY

14.   From at least in or about 2003, up to and including in or about June 2023, in the Southern District of New York, Honduras, Nicaragua, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, being persons employed by and associated with the Enterprise described in Paragraphs 1 through 13 of this Superseding Indictment, namely, MS-13, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United

States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

a.      multiple acts involving murder, chargeable under the following provisions of state law: Texas Penal Code, Sections 15.01, 15.02, 15.03, 19.02, and 19.03;

b.      multiple acts indictable under Title 18, United States Code, Section 1951 (extortion);

c.      multiple offenses involving the distribution and importation into the United States of cocaine, punishable under Title 21, United States Code, Sections 812, 841(a)(1), 846, 952, 959, 960, and 963 and Title 18, United States Code, Section 2; and

d.      multiple acts indictable under Title 18, United States Code, Sections 1956 and 1957 (money laundering).

15.   It was a part of the conspiracy that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

NOTICE OF SPECIAL SENTENCING FACTOR

16.   From at least in or about 2003, up to and including in or about June 2023, in the Southern District of New York, Honduras, Nicaragua, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

17.   It was a part and an object of the conspiracy that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a

controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

18.   It was further a part and an object of the conspiracy that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

19.   The controlled substance that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to

11

believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 960(b)(1)(B) and 963.

(Title 18, United States Code, Sections 1962(d) and 3238.)

## Count Two
### (Cocaine Importation Conspiracy)

The Grand Jury further charges:

20.  From at least in or about 2003, up to and including in or about June 2023, in the Southern District of New York, Honduras, Nicaragua, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and

12

agreed together and with each other to violate the narcotics laws of the United States.

21.   It was a part and an object of the conspiracy that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

22.   It was further a part and an object of the conspiracy that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," defendants, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States,

13

in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

23.   The controlled substance that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963; and Title 18, United States Code, Section 3238.)

### Count Three
### (Possession of Machineguns)

The Grand Jury further charges:

24.   From at least in or about 2003, up to and including in or about June 2023, in the Southern District of New York, Honduras, Nicaragua, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or

district of the United States and for which one of two or more joint offenders is expected to be first brought to and arrested in the Southern District of New York, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count Two of this Superseding Indictment, knowingly used and carried firearms, and, in furtherance of such crime, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

### Count Four
### (Conspiracy to Possess Machineguns)

The Grand Jury further charges:

25.   From at least in or about 2003, up to and including in or about June 2023, in the Southern District of New York, Honduras, Nicaragua, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or

district of the United States, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

26.    It was a part and an object of the conspiracy that YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, and others known and unknown, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count Two of this Superseding Indictment, would and did knowingly use and carry firearms, and in furtherance of such crime, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in

16

violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

### FORFEITURE ALLEGATIONS

27. As a result of committing the offense alleged in Count One of this Superseding Indictment, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a. any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b. any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

17

c.   any property constituting and derived from any proceeds which the defendants obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

28.   As a result of committing the offense alleged in Count Two of this Superseding Indictment, YULAN ANDONY ARCHAGA CARÍAS, a/k/a "Alexander Mendoza," a/k/a "Porky," DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a "Don David," JUAN CARLOS PORTILLO SANTOS, a/k/a "Juancy," VICTOR EDUARDO MORALES ZELAYA, a/k/a "Cuervo," and JORGE ALBERTO VELASQUEZ PAZ, a/k/a "Chacarron," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the offense, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in Count Two of this Superseding Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

29.    If any of the above-described forfeitable property,
as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred or sold to, or
deposited with, a third person;

c.    has been placed beyond the jurisdiction of
the Court;

d.    has been substantially diminished in value;
or

e.    has been commingled with other property
which cannot be subdivided without difficulty;
it is the intent of the United States, pursuant to Title 18,
United States Code, Section 1963(m), Title 21, United States
Code, Sections 853(p) and 970, and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963; Title 21, United States Code, Sections 853 and 970; and Title 28, United States Code, Section 2461.)


GRAND JURY FOREPERSON

Damian Williams
DAMIAN WILLIAMS
United States Attorney

20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**YULAN ANDONY ARCHAGA CARÍAS, a/k/a**
**"Alexander Mendoza," a/k/a "Porky,"**
**DAVID CAMPBELL, a/k/a "Viejo Dan," a/k/a**
**"Don David," JUAN CARLOS PORTILLO**
**SANTOS, a/k/a "Juancy," VICTOR EDUARDO**
**MORALES ZELAYA, a/k/a "Cuervo," and**
**JORGE ALBERTO VELASQUEZ PAZ, a/k/a**
**"Chacarron,"**

**Defendants.**

**SEALED SUPERSEDING INDICTMENT**

S3 21 Cr. 321 (GHW)

(18 U.S.C. §§ 1962(d), 924(c), 924(o),
3238, and 2; 21 U.S.C. § 963)

DAMIAN WILLIAMS
United States Attorney

GRAND JURY FOREPERSON